## NOTICE: SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MAY 11, 2023

*González C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MAY 11, 2023

ERIN L. LENNON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 101204-7 |
| THEODORE R. RHONE, | EN BANC |
| Petitioner. | Filed: May 11, 2023 |

OWENS, J.—All defendants have a right to be tried before a jury selected by nondiscriminatory criteria. *Batson v. Kentucky*, 476 U.S. 79, 85-86, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). Race discrimination in jury selection violates the Fourteenth Amendment's equal protection guaranty. *Id.*; *State v. Jefferson*, 192 Wn.2d 225, 242-43, 429 P.3d 467 (2018); U.S. CONST. amend. XIV. *Batson*, while designed to remove racism from the jury selection process, has fallen short of its objective. *See Miller-El v. Dretke*, 545 U.S. 231, 267-69, 125 S. Ct. 2317, 162 L. Ed. 2d 196 (2005) (Breyer, J., concurring). This court has since taken steps to increase the effectiveness of *Batson* and protect defendants and prospective jurors from implicit racial discrimination. *See City of Seattle v. Erickson*, 188 Wn.2d 721, 398 P.3d 1124 (2017)

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

(modifying the first step of *Batson* to establish a prima facie case of discrimination when the last person of a racially cognizable group is struck from the jury venire); *Jefferson*, 192 Wn.2d at 252 (modifying the third step of *Batson* to require trial courts to "ask if an objective observer could view race as a factor in the use of the peremptory challenge"); GR 37 (seeking to eliminate bias in peremptory challenges by requiring an objective evaluation in light of implicit, institutional, and unconscious biases and listing presumptively invalid reasons that have historically been associated with improper discrimination).

In his direct appeal, petitioner Theodore Rhone asked this court to adopt a bright line rule establishing a prima facie case of discrimination when the State peremptorily strikes the last member of a racially cognizable group from a jury venire. Without the benefit of the considerable knowledge we have gained regarding the impact of implicit bias in jury selection, a fractured majority of this court declined to adopt Rhone's proposed rule in 2010. But seven years later, we did. *Erickson*, 188 Wn.2d 721. Although this case comes to us as a personal restraint petition (PRP), the central issue is our 2010 decision in Rhone's own case. We take this opportunity to revisit and correct that decision. Given the unique factual and procedural history of this case and in the interest of justice, we recall our prior mandate, reverse Rhone's convictions, and remand for a new trial.

*In re PRP of Rhone*
No. 101204-7

FACTS

Rhone proceeded to trial on charges of first degree robbery, unlawful possession of a controlled substance with intent to deliver, unlawful possession of a firearm, and bail jumping. During jury selection, the parties agreed to remove one of the two Black venire jurors in the 41-member pool for cause. The prosecution—using a peremptory challenge—struck the remaining Black venire juror. After the court swore in the jury, Rhone made the following statement:

> I don't mean to be facetious or disrespectful or a burden to the Court. However, I do want a jury of my peers. And I notice that [the prosecutor] took away the [B]lack, African-American, man off the jury.
>
> Also, if I can't have—I would like to have someone that represents my culture as well as your culture. To have this the way it is . . . seems unfair to me. It's not a jury of my peers. . . . I am an African-American [B]lack male, 48 years old. I would like someone of culture, of color, that has—perhaps may have had to deal with [improprieties] and so forth, to understand what's going on and what could be happening in this trial.

*State v. Rhone*, 168 Wn.2d 645, 649, 229 P.3d 752 (2010) (*Rhone* II) (plurality opinion) (quoting 6 Verbatim Rep. of Proc. (VRP) (Apr. 28, 2005) at 439 (Wash. No. 80037-5 (2006))), *abrogated by Erickson*, 188 Wn.2d 721, 398 P.3d 1124 (2017).

The court understood Rhone's statement as a *Batson* challenge, found no prima facie case of discrimination, and declined the State's offer to respond. The court explained:

> "Here the defendant has not provided this Court with any evidence of circumstances raising an inference of discrimination by the prosecution.

*In re PRP of Rhone*
No. 101204-7

> The defendant merely makes a bare assertion that there are no African-Americans on this jury."

*Id.* at 650 (quoting 7 VRP (Apr. 28, 2005) at 452).  The court continued:

> The Court notes that there were only two African Americans in the entire . . . panel.  One was excused for cause based on agreement by the defense.  Therefore, out of a panel of 41, there was only one African American in the pool.

7 VRP (Apr. 28, 2005) at 452-53.  And the court added:

> "The mere fact that [sic] State exercised its preemptory [sic] on that African-American, without more, is insufficient to establish a prima facie case of discrimination.

*Rhone II,* 168 Wn.2d at 650 (quoting 7 VRP (Apr. 28, 2005) at 453).  After the court

denied Rhone's request for a new jury panel, the jury convicted him of all charges.

Based on his stipulation to three prior most serious offenses, Rhone received a life

sentence without the possibility of parole for two of his convictions.  *State v. Rhone*,

noted at 137 Wn. App. 1046, 2007 WL 831725, at *3 (*Rhone* I).

Rhone appealed, and the Court of Appeals affirmed, holding that Rhone failed

to prove a prima facie case under step one of *Batson*.  *Id.* at *7.  This court granted

review of the *Batson* issue only.  *Rhone* II, 168 Wn.2d at 648.  Rhone argued for a

bright line rule announcing that a defendant establishes a prima facie case of

discrimination whenever a prosecutor peremptorily challenges the only remaining

venire member of a racially cognizable group.  *Id.* at 652.  Four justices declined to

adopt or apply a bright line rule to Rhone's case, reasoning that this court had recently

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

reaffirmed that a trial court *may*, *but is not required to*, find a prima facie case in such circumstances. *Id.* at 653 (quoting *State v. Thomas*, 166 Wn.2d 380, 397, 208 P.3d 1107 (2009)).

The four-justice dissent would have adopted a bright line rule establishing a prima facie case of discrimination when "the last remaining minority member of the venire is peremptorily challenged." *Id.* at 661 (Alexander, J., dissenting). The ninth justice concurred with the majority but stated, "[G]oing forward, I agree with the rule advocated by the dissent." *Id.* at 658 (Madsen, C.J., concurring).[1]

In 2017, this court substantially adopted the bright line rule Rhone proposed on direct appeal. *Erickson*, 188 Wn.2d 721. Rhone now seeks collateral relief based on *Erickson*. The Court of Appeals held that Rhone's PRP is not time barred because *Erickson* is a significant, material, and retroactive change in the law, and it transferred the petition to this court as successive. *In re Pers. Restraint of Rhone*, 23 Wn. App. 2d 307, 313, 319-22, 516 P.3d 401 (2022) (citing RCW 10.73.100(6)). We retained the matter for hearing.

---

[1] In *State v. Meredith*, 178 Wn.2d 180, 182, 306 P.3d 942 (2013), *abrogated by Erickson*, 188 Wn.2d 721, we clarified that the rule advocated by the *Rhone* II dissent was not precedent. Chief Justice Madsen expressed approval of a bright line rule in the future but agreed not to adopt such a rule in Rhone's case. *Id.* at 184.

*In re PRP of Rhone*
No. 101204-7

## ISSUE

Should the court recall the mandate in Rhone's case and reverse based on the

bright line rule he argued for on direct appeal, which was later adopted in *Erickson*?

## ANALYSIS

*Batson* sets forth a three-part test to address unconstitutional peremptory

strikes: (1) the party challenging the strike must establish a prima facie case that

"'gives rise to an inference of discriminatory purpose,'" (2) if a prima facie case is

established, the striking party must provide an adequate race-neutral explanation, and

(3) if a race-neutral explanation is provided, the trial court must weigh the

circumstances to decide whether the strike was racially motivated. *Erickson*, 188

Wn.2d at 726-27 (quoting *Batson*, 476 U.S. at 94). The *Batson* framework has been

roundly criticized for its inefficacy at prohibiting discriminatory peremptory strikes.

*See Miller-El*, 545 U.S. at 268-72 (Breyer, J., concurring) (surveying studies finding

*Batson* challenges rarely succeed). Recognizing that racism continues to plague jury

selection,[2] this court has altered the *Batson* test to better effectuate its goals.

*Erickson*, 188 Wn.2d at 733-34; *Jefferson*, 192 Wn.2d at 249-51.

---

[2] EQUAL JUST. INITIATIVE, RACE AND THE JURY: ILLEGAL RACIAL DISCRIMINATION IN JURY SELECTION (2021) (explaining that racially discriminatory jury selection inflicts harm on excluded jurors, produces wrongful convictions, and compromises the integrity of the legal system), https://eji.org/wp-content/uploads/2005/11/race-and-the-jury-digital.pdf [https://perma.cc/N965-RCGS].

*In re PRP of Rhone*
No. 101204-7

Our decisions strengthening *Batson* protections came after Rhone's direct appeal—and we embraced the very argument he advanced on appeal. *See Erickson*, 188 Wn.2d at 732. As a result, Rhone was placed in the unfortunate position of seeking collateral relief to revisit the question of whether his jury selection process was unconstitutional. The interests of justice therefore require us to recall our mandate in *Rhone* II and grant Rhone relief. RAP 2.5(c)(2); RAP 12.7(d); RAP 12.9.[3] It is undeniable that our understanding of the impact of implicit racial bias on jury selection has changed since our 2010 decision. "We can develop a greater awareness of our own conscious and unconscious biases in order to make just decisions in individual cases, and we can administer justice and support court rules in a way that brings greater racial justice to our system as a whole." Letter from Wash. State Sup. Ct. to Members of Judiciary & Legal Cmty. (June 4, 2020), https://www.courts.wa.gov/content/publicUpload/Supreme%20Court%20News/Judici ary%20Legal%20Community%20SIGNED%20060420.pdf [https://perma.cc/QNT4-H5P7]. Recalling the mandate in the unique circumstances of Rhone's case accomplishes this mission; we must allow him to benefit from the rule *he proposed* that ultimately became the law in this state.

---

[3] To the extent this disposition waives or alters any provision of the appellate rules, we do so to serve the ends of justice. RAP 1.2(a), (c). To be clear, our decision today gives Rhone the benefit of the burden-shifting rule he proposed on direct appeal. *See Rhone* II, 168 Wn.2d at 652. It does not retroactively apply any precedent.

*In re PRP of Rhone*
No. 101204-7

CONCLUSION

We recall the *Rhone* II mandate, reverse Rhone's convictions,[4] and remand for

a new trial.

_____
Owens, J.

WE CONCUR:

_____
González, C.J.

_____
Gordon McCloud, J.

_____
Johnson, J.

_____
Yu, J.

_____
Madsen, J.

_____
Montoya-Lewis, J.

_____
Stephens, J.

_____
Whitener, J.

---

[4] Two of Rhone's convictions have been vacated on other grounds. *State v. Rhone*, No. 46960-0-II, slip op. (Wash. Ct. App. July 6, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2046960-0-II%20Unpublished%20Opinion.pdf.

8